## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PETER MAMBO,

       Plaintiff,

vs.                                    No. CIV 05-0408 LH/RHS

LARRY VEHAR and RALEY'S OF NEW
MEXICO, INC., a foreign corporation,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' motion to dismiss or, in the

alternative, for summary judgment (Docket No. 3) and the Plaintiff's motion for surreply (Docket

No. 10).  The Court, having considered the pleadings submitted by the parties, the arguments of

counsel, the applicable law, and otherwise being fully advised, finds that the Defendants' motion is

**well taken** and should be **granted** and that the Plaintiff's motion is **not well taken** and should be

**denied**.

### I.  Background

The Plaintiff filed a nearly identical action in the State of New Mexico's Second Judicial

District Court on October 22, 2002.  His "Complaint for Violation of Civil Rights" alleged a single

count of race discrimination against Raley's of New Mexico pursuant to the New Mexico Human

Rights Act, N.M. Stat. Ann. § 28-1-10, *et seq*.  The state district court entered summary judgment

in favor of Raley's.  The New Mexico Supreme Court dismissed the Plaintiff's appeal, only to

reinstate it upon reconsideration.

The Plaintiff filed the present suit in state court more than two years later.  His complaint alleges a single count of race discrimination pursuant to 42 U.S.C. § 1981 against Raley's and Larry Vehar, a Raley's employee and the Plaintiff's former manager.  The Defendants removed the suit to this Court and then moved to dismiss it or, in the alternative, for summary judgment.  They argue that the Plaintiff's second suit is precluded by *res judicata* or collateral estoppel.

## II.  Legal Standard

When resolving a Rule 12(b)(6) motion to dismiss, if the Court considers "matters outside the pleading," "the motion shall be treated as one for summary judgment and be disposed of as provided in Rule 56...."  FED. R. CIV. P. 12(b)(6).  Because the motion presents, and the Court will consider, matters outside the pleading, the motion will be decided according to Rule 56.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## III.  Analysis

### A.  Undisputed Material Facts

The Defendants provided a list of six material facts they claim are undisputed.  Mem. in Supp. of Defs.' Mot. for Summ. J. (Docket No. 3) at 2.  The Plaintiff indicated that he "agrees" with four of them, and "agrees in part" with the other two.  Mem. in Supp. of Pl.'s Resp. to Defs.' Mot. for Summ. J. (Docket No. 5) at 1.  That is insufficient to create a triable issue of fact.  "When a motion

for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).

The only issue of fact created by the Plaintiff's response regards the status of his appeal of the grant of summary judgment in the first suit.  His appeal, however, does not affect the finality of the judgment for purposes of *res judicata*.  N.M. R. CIV. P. 1-062(a).  The dispute is not one of material fact, and therefore does not preclude summary judgment.

B.  Judgment as a Matter of Law

The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires a federal court to give the same preclusive effect to state court judgments that those judgments would be given in the state courts from which they emerged.  *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997).  It also requires a federal court to apply the law of the state that rendered the judgment to determine that preclusive effect.  *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 385 (10th Cir. 1987).  The Court will therefore apply New Mexico law to determine whether *res judicata* or collateral estoppel precludes the Plaintiff's suit.

"Under the doctrine of *res judicata*, a prior judgment on the merits bars a subsequent suit involving the same parties or privies based on the same cause of action.  *Res judicata* will ordinarily preclude a claim where there has been a full and fair opportunity to litigate all issues arising out of that claim.  The rationale for the application of *res judicata* generally is to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions."  *Myers*

-3-

*v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984) (internal citations omitted).  "The second suit must be identical with the prior action in four respects: 1) the parties must be the same or in privity; 2) the subject matter must be identical; 3) the capacity or character of persons for or against whom the claim is made must be the same; and 4) the same cause of action must be involved in both suits."  *Id.*

In this case, the first element is met.  The Plaintiff here was also the plaintiff in the state court case.  Although Raley's was the only defendant in the first suit, Vehar is in privity.  The Plaintiff alleges that Vehar's acts were discriminatory, and would therefore have formed the basis for Raley's vicarious liability.  In such cases, subsequent suits against a party's privy are also precluded.  *Ford v. New Mexico Dept. of Public Safety*, 119 N.M. 405, 409, 891 P.2d 546, 550 (Ct. App. 1994).

The second requirement, that the subject matter be identical, is also satisfied.  The Plaintiff alleges in both suits that he was discriminated against because of his race.  The factual allegations in both suits are nearly verbatim.  The only differences between the two cases are that the present suit, which names Vehar as a defendant, includes factual allegations specific to him, and that the first case alleged a violation of the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-10, *et seq.*, whereas this case was brought pursuant to 42 U.S.C. § 1981.  The Court therefore finds that the subject matter is identical.

As discussed above with regard to the first element, the third element, that "the capacity or character of persons for or against whom the claim is made must be the same," is also met.  *Myers*, 100 N.M. at 747, 676 P.2d at 824.  The Plaintiff's first suit only included a claim against Raley's.  This case includes Vehar as a defendant and factual allegations against him.  "In an important sense, however, there is only a single claim.  The same loss is involved, usually the same measure of

damages, and the same or nearly identical issues of fact and law.  The substantive legal basis for vicarious responsibility rests largely on the notion that the injured person should have the additional security for recovery of his loss that is represented in imposition of liability on a person other than the primary obligor.  The optional additional security thus afforded by rules of vicarious responsibility should not, however, afford the injured person a further option to litigate successively the issues upon which his claim to redress is founded."  *Ford*, 119 N.M. at 408-095, 891 P.2d at 549-50 (Ct. App. 1994).  Despite the additional claim against Vehar in this suit, the Court finds that the third element is met.

The fourth and final element, that the same cause of action must be involved in both suits, is the most troublesome in this case.  Technically, the cause of action is different.  The first suit was filed pursuant to the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-10, *et seq.*  This case was filed pursuant to 42 U.S.C. § 1981.  However, "[w]hether causes of action are identical for *res judicata* purposes cannot be determined precisely by mechanistic application of a simple test." *Three Rivers Land Co., Inc. v. Maddoux*, 98 N.M. 690, 695, 652 P.2d 240, 245 (1982) (citation omitted), *overruled in part on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 58, 728 P.2d 467, 469 (1986).

The New Mexico Supreme Court went on to define "cause of action" for *res judicata* purposes according to the rules of the Restatement of Judgments.  *Id.*

§ 24.  Dimensions of 'Claim' for Purposes of Merger or Bar--General Rule Concerning 'Splitting'
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a 'transaction,' and what groupings constitute

a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

§ 25.  Exemplifications of General Rule Concerning Splitting
The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
(1) To present evidence or grounds or theories of the case not presented in the first action, or
(2) To seek remedies or forms of relief not demanded in the first action.

RESTATEMENT (SECOND) OF JUDGMENTS §§ 24 and 25 (1982).

The Court specifically noted that, "[i]t will remain as clear as ever that a mere change in a legal theory does not create a new cause of action. . . . The essence of the Restatement approach 'is to see a claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff."  *Three Rivers Land Co., Inc.*, 98 N.M. at 695, 652 P.2d at 245, *quoting* RESTATEMENT (SECOND) OF JUDGMENTS § 24, cmt. a.  "[W]here one act causes a number of harms to, or invades a number of different interests of the same person, there is still but one transaction. . . . That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims.  This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."  RESTATEMENT (SECOND) OF JUDGMENTS § 24, cmt. c.

Applying the Restatement's definition and analytical approach, it is clear that the Plaintiff's two suits involved the same "cause of action."  The two claims arose out of the same transaction or series thereof.  *See* RESTATEMENT (SECOND) OF JUDGMENTS § 24(1).  Both suits complain of the

March 26, 2002, incident, the Plaintiff's subsequent suspension, his termination, and disparate treatment based upon the Plaintiff's race. The facts supporting the two claims are obviously "related in time, space, origin, or motivation." RESTATEMENT (SECOND) OF JUDGMENTS § 24(2). They would "form a convenient trial unit," *id.*, requiring the same evidence, witnesses, and even proof of the same elements. *Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990) (adopting "evidentiary methodology" of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to "provide guidance for proving a violation of the New Mexico Human Rights Act"); *Perry v. Woodward*, 199 F.3d 1126, 1134 (10th Cir. 1999) (applying *McDonnell Douglass* burden-shifting analysis to 42 U.S.C. § 1981 discrimination claims).

Likewise, treatment of the two claims as a unit would conform to the parties' business understanding or usage. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 24(1). Moreover, section 25 makes clear that the Plaintiff's presenting evidence and theories not presented in the first action and seeking remedies and forms of relief not demanded in the first case does not preclude the application of *res judicata* to bar this suit.

C. Conclusion

The Court therefore finds that the causes of action, as defined by the New Mexico Supreme Court for the purposes of *res judicata*, are the same. Each of the four elements of the *res judicata* doctrine being met, the Plaintiff's claim in this suit is precluded. There is no genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law. Their motion for summary judgment will therefore be granted.

**IT IS, THEREFORE, ORDERED** that the Defendants' motion to dismiss or, in the alternative, for summary judgment is **granted.**

**IT IS FURTHER ORDERED** that the Plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for surreply is **denied**.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**